```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTINE H. OLNEY, on behalf of herself
and all others similarly situated,

                       Plaintiffs,              Case No.: 5:24-cv-742 (DNH/TWD)

       v.                                       COMPLAINT

COUNTY OF ONONDAGA,

                       Defendant.
-----------------------------------------------------------X
```

Plaintiff Christine H. Olney, on behalf of herself and all others similarly situated ("Plaintiff"), by and through her undersigned counsel, Denlea & Carton LLP, states for her Complaint against defendant County of Onondaga ("Defendant"), as follows:

## NATURE OF THE ACTION

1. This action seeks to redress the unconstitutional windfall that Defendant received when it foreclosed on Plaintiff's house in the Town of Geddes, County of Onondaga, New York, recovering approximately $75,000 based on $22,000 in tax arrears. Defendant's windfall of $53,000 violates the Fifth and Fourteenth Amendments to the United States Constitution as recognized by the United States Supreme Court in *Tyler v. Hennepin County*, 598 U.S. 631 (2023), and the New York State Constitution.

2. In *Tyler*, the Supreme Court unanimously held that the government's retention of surplus proceeds from a foreclosure sale without adequate protection for the foreclosed property's owner to recover the surplus proceeds is a taking of private property for public use without just compensation.

3. Defendant's retention of Plaintiff's residual equity, in excess of Plaintiff's unpaid taxes and utility charges, violates the United States Constitution's and New York State's

1

Constitution's prohibitions on the taking of private property for public use without just compensation.

4. While Plaintiff owed money to Defendant, such debt does not give license to the government to unconstitutionally take the equity she had built up in her house. By keeping the residual equity, that is precisely what Defendant did, securing an unconstitutional windfall at Plaintiff's expense.

5. This action seeks to certify a class of Onondaga County property owners and those with an ownership interest in property whose property interests and residual equity were taken by and either foreclosed upon or retained by Defendant, which kept the difference between the amount owed in taxes and the residual amount, which is properly the property of the respective homeowners.

6. Plaintiff and the proposed Plaintiff Class desire just compensation for the taking of their private property and restitution of excessive fines. Plaintiff asserts claims for violations of the Takings Clause of the Fifth Amendment to the United States Constitution prohibiting takings without just compensation under 42 U.S.C. § 1983 and Article I, § 7, of the New York State Constitution, as well as claims for inverse condemnation, unjust enrichment and money had and received, together with prejudgment interest, costs, and attorneys' fees.

## THE PARTIES

7. Plaintiff currently resides in Marietta, New York.

8. She formerly owned the home located at 300 Steven Terrace, Syracuse, New York, in the Town of Geddes, County of Onondaga, New York, where she lived with her husband.

9. Defendant Onondaga County is a political subdivision of the State of New York.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction of this action as the federal claim in this Complaint arises under the Fifth Amendment and Fourteenth Amendment to the United States Constitution and, as a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over the constitutional, legal and equitable claims in this Complaint arising under New York law pursuant to 28 U.S.C § 1367 since those claims arise out of a common nucleus of operative facts with the federal claims that are within the Court's original jurisdiction.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this judicial district.

## FACTUAL BACKGROUND

### A.     Plaintiff Owned Her Home Outright

13. Plaintiff was formerly the owner of a private, single-family residence located at 300 Steven Terrace, Syracuse, New York, 13219 (the "House").

14. She lived in the House with her husband beginning in approximately 1985, while the House was owned by her father.

15. She later purchased the House from her father in or about 2016 and lived in it until it was foreclosed upon by Defendant in late 2020.

16. At the time of the foreclosure, neither the House nor the real property on which it sat was encumbered by any sort of mortgage.

17. That is, Plaintiff owned her House without encumbrance.

18. In 2017, due to her husband's medical issues, Plaintiff ran into financial troubles, and she was not able to pay the full amount of property taxes she owed.

19. Such arrears were approximately $22,000.

20. On or about October 28, 2020, Defendant, indifferent to the plight of Plaintiff, listed the House for sale in the Onondaga County Real Property 2020 tax foreclosure sale.

21. Subsequently, in December 2020, Defendant conveyed the House to a third party for $75,000 in consideration.

22. That is, Defendant sold the House for approximately $53,000 more than Plaintiff owed in tax and utility arrears.

23. Further, upon information and belief, Defendant retained this entire surplus as a windfall.

24. Plaintiff was therefore deprived of the value of her House because of a scant debt of $22,000, or roughly 29% of the foreclosure sale price.

## CLASS DEFINITION AND ALLEGATIONS

25. Plaintiff requests this Court enter an Order certifying this action as a Plaintiff Class Action or Plan pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3).

26. Plaintiff requests the Court to certify a Plaintiff Class defined as follows:

> All Persons and entities, their heirs and successors, who owned or had an ownership interest in real property that had a tax debt such that, during the applicable statute of limitations period (the "Class Period"), Onondaga County, New York, foreclosed upon such property during the Class Period for more than the amount necessary to satisfy such taxes and Onondaga County offered no opportunity for the taxpayer to recover the surplus proceeds.

27. Excluded from Plaintiff Class are Onondaga County officials and the presiding Judge and Court staff assigned to this case. Plaintiff reserves the right to modify or amend the Plaintiff Class Definition, as appropriate, during the course of this litigation.

28.     Plaintiff further requests that the Court appoint counsel for Plaintiff as Plaintiff Class counsel.

29.     **Numerosity**. This action is appropriately suited for a class action. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed, believes and thereon alleges, that the proposed Class contains thousands of members who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

30.     **Existence and Predominance of Common Questions of Law and Fact**. This action involves questions of law and fact common to the Class. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendant's conduct, as alleged herein, constitutes an unconstitutional taking in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

- Whether Defendant's conduct, as alleged herein, constitutes an unconstitutional taking in violation of the New York State Constitution.

- Whether Defendant's conduct, as alleged herein, constitutes an inverse condemnation.

- Whether Defendant has been unjustly enriched by retaining surplus proceeds following the sale of foreclosed-upon properties;

- Whether, as alleged herein, Defendant is liable for money had and received by retaining surplus proceeds following the sale of foreclosed-upon properties;

31.     **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been injured through the uniform misconduct described above and suffered the same type of injury, namely, each suffered an injury when Defendant retained surplus proceeds of the sale of their former properties.

32.     **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff had her home foreclosed upon and sold by

Defendant, in which proceeding Defendant unconstitutionally retained the surplus proceeds of such sale. Plaintiff has therefore suffered an injury in fact as a result of Defendant's conduct, as did all Class members. Plaintiff has retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

33. **Superiority**. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs done to him or her. Further, even if the Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

34. Plaintiff seeks monetary damages on behalf of the entire Class. Unless a Class is certified, Defendant will be allowed to profit from its unconstitutional practices and retain the surplus proceeds that more properly belong to the members of the Class, while Plaintiff and the members of the proposed Class will have suffered damages.

**First Cause of Action on Behalf of Plaintiff and the Class**
**(Violation of the United States Constitution's Fifth Amendment**
**Prohibition on Takings without Just Compensation, 42 U.S.C. § 1983)**

35.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 34 as if fully set forth herein.

36.     The Takings Clause of the Fifth Amendment of the United States Constitution provides that "nor shall private property be taken for public use, without just compensation."

37.     The Takings Clause applies to all States of the United States of America through the Fourteenth Amendment, and by extension their subdivisions, instrumentalities, and departments, and those acting on behalf of or through the authority of such State.

38.     The Taking Clause similarly precludes a state law that effects a taking of private property without just compensation.  *See, e.g.*, *Tyler*, 598 U.S. at 638.

39.     Plaintiff and members of the Plaintiff Class had a cognizable property interest in their respective homes and have a cognizable property interest in the residual equity, after taxes, that the Takings Clause of the Fifth Amendment to the United States Constitution protects.

40.     Defendant physically took, and either now possesses or then sold, Plaintiff's and Plaintiff Class members' real property and refuses to tender and deliver to Plaintiff and Plaintiff Class members their residual equity or equivalent value.

41.     Defendant's retention of the Plaintiff's residual equity constitutes a prohibited taking of Plaintiff's and Plaintiff Class members' private property for public use without just compensation.  *See Tyler*, 598 U.S. at 639.

42.     Defendant has retained or will retain the surplus proceeds from the auction or sale of real property belonging to Plaintiff and Plaintiff Class members.  These proceeds assuredly are not and have not been used for a legally permitted public use.

43. Defendant did not offer to pay just compensation to Plaintiff based on the value of her House compared to the tax and utility arrears before, during or after taking the property of Plaintiff and the Plaintiff Class.

44. Defendant's failure to pay such compensation has caused Plaintiff and Plaintiff Class members significant damages measured by the windfall Defendant recovered based on the retained value of Plaintiff's and Plaintiff Class members' property, with or without a foreclosure sale.

45. Plaintiff's and Plaintiff Class members' constitutional right to just compensation based on Defendant's seizure of their property for public purposes is a fundamental right deeply embedded in this country's legal traditions and central to the concept of ordered liberty. Defendant's conduct has deprived Plaintiff and Plaintiff Class members of that fundamental right.

46. Defendant constitutes a person under 42 U.S.C. § 1983.

47. Defendant's actions have caused Plaintiff and Plaintiff Class to suffer material damages pursuant to 42 U.S.C. § 1983.

48. Defendant is liable to pay Plaintiff and Plaintiff Class members money damages for their injuries suffered, as will be determined at trial.

**Second Cause of Action on Behalf of Plaintiff and the Class**
**(Violation of the New York Constitution's**
**Prohibition on Takings without Just Compensation)**

49. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 48 as if fully set forth herein.

50. Article I, Section 7, of the New York Constitution provides that "Private property shall not be taken for public use without just compensation."

51. Plaintiff and members of the Plaintiff Class had a cognizable property interest in their respective homes and have a cognizable property interest in the accumulated equity that the New York Constitution protects.

52. Defendant physically took, and either now possesses or then sold, Plaintiff's and Plaintiff Class members' real property and failed to tender or deliver to Plaintiff and Plaintiff Class members their accumulated equity or value.

53. Defendant's retention of the surplus proceeds amounts to a taking of Plaintiff's and Plaintiff Class members' private property for public use without just compensation in violation of their rights under the New York Constitution. *See Tyler*, 598 U.S. at 639.

54. Defendant has retained or will retain the Plaintiff's residual equity from the auction or sale of real property belonging to Plaintiff and Plaintiff Class members. These proceeds assuredly are not and have not been used for a legally permissible public use.

55. Defendant did not offer to pay just compensation to Plaintiff based on the value of her House compared to the tax and utility arrears before, during or after taking the property of Plaintiff and the Plaintiff Class.

56. Defendant's failure to pay such compensation has caused Plaintiff and Plaintiff Class members significant damages measured by the windfall Defendant recovered based on the retained value of Plaintiff's and Plaintiff Class members' property, with or without a foreclosure sale.

57. Plaintiff's and Plaintiff Class members' constitutional right to just compensation based on Defendant's seizure of their property for public purposes is a fundamental right deeply embedded in this country's legal traditions and central to the concept of ordered liberty.

Defendant's conduct has deprived Plaintiff and Plaintiff Class members of that fundamental right.

58. Defendant's actions have caused Plaintiff and Plaintiff Class to suffer material damages.

59. Defendant is liable to pay Plaintiff and Plaintiff Class members money damages for their injuries suffered, as will be determined at trial.

### Third Cause of Action on Behalf of Plaintiff and the Class
### (Inverse Condemnation)

60. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 59 as if fully set forth herein.

61. Defendant took Plaintiff's and Plaintiff Class members' property in the form of the residual value of their houses above and beyond any tax and/or utility arrears.

62. Defendant has done so without using any legally required direct condemnation processes.

63. Defendant has not and will not provide Plaintiff and Plaintiff Class members any opportunity to claim the residual equity in their properties after the seizure and/or later sale of their respective property, nor does Defendant provide or have a process for Plaintiff and Plaintiff Class members to claim compensation at the time Defendant sold their properties and kept the residual equity.

64. Defendant has not paid just compensation.

65. A legally impermissible inverse condemnation with damages has occurred.

66. Plaintiff and Plaintiff Class members have been injured and have suffered damages.

67. Defendant is liable to pay Plaintiff and Plaintiff Class members money damages for their injuries suffered, as will be determined at trial.

### Fourth Cause Of Action on Behalf of Plaintiff and the Class
(Unjust Enrichment)

68. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 67 as if fully set forth herein.

69. Defendant has been enriched at Plaintiff's and Plaintiff Class's expense.

70. It is against equity and good conscience to permit Defendant to retain the Plaintiff's and Plaintiff Class Members' residual equity from the foreclosure sale of Plaintiff's and Plaintiff Class Members' properties (or to simply retain such properties without compensation).

71. As such, Defendant has received money or value to which it is not entitled.

72. Defendant was enriched when it retained the residual equity proceeds from the foreclosure sales or alternatively retained the properties even in the absence of a sale.

73. Defendant is not entitled to the surplus proceeds because Plaintiff and Plaintiff Class are "entitled to the surplus in excess of the debt owed" based on any tax or utility arrears. *Tyler*, 598 U.S. at 642.

74. By having the residual-values of their properties retained without just compensation, Plaintiff and Plaintiff Class have made a greater contribution to the general welfare than they are otherwise required to do.  It is therefore against equity and good conscience to permit Defendant to retain the homeowners' residual equity.

75. For the foregoing reasons, Plaintiff and Plaintiff Class are owed restitution in the amount of their accumulated equity, less taxes, collected by Defendant.

### Fifth Cause of Action on Behalf of Plaintiff and the Class
(Money Had and Received)

76. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 75 as if fully set forth herein.

77. Defendant received money belonging to Plaintiff and Plaintiff Class when it collected their residual equity, because Plaintiff and Plaintiff Class are "entitled to the surplus in excess of the debt owed" to Local Government Defendants and Defendant Class. *Tyler*, 598 U.S. at 642.

78. Defendant unjustly benefitted from receipt of such money.

79. Under principles of equity and good conscience, Defendant should not be permitted to keep the money.

80. It is therefore against equity and good conscience to permit Defendant to retain the residual proceeds beyond that which was owed by Plaintiff and Plaintiff Class based on their tax or utility arrears.

81. For the foregoing reasons, Plaintiff and Plaintiff Class are owed restitution in the amount of the residual proceeds collected by Defendant as will be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A. Certifying this action as a class action as soon as practicable, with the Class as defined above, designating Plaintiff as the named Class representative, and designating the undersigned as Class Counsel.

B. On Plaintiff's Causes of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's

unconstitutional retaining of any amount in excess of Plaintiff's and Plaintiff Classes' tax and utility arrears, the amount of such damages to be determined at trial, together with interest and reasonable attorneys' fees, costs, and expenses.

C. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 4, 2024
White Plains, New York

DENLEA & CARTON LLP

By: *[signature]*

James R. Denlea
Jeffrey I. Carton
Craig M. Cepler
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105
jdenlea@denleacarton.com
jcarton@denleacarton.com
ccepler@denleacarton.com
*Attorneys for Plaintiff*